United States District Court
Southern District of Texas
**ENTERED**
October 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.,** § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02291 |
| § | |
| § | |
| **OMARISE BAR & GRILL INC.,** *et al*, § | |
| § | |
| Defendants. | |

# ORDER

This case concerns the unauthorized interception and broadcast of the *Ultimate Fighting Championship® 251: Kamaru Usman vs. Jorge Masvidal* (the "Event") telecast in the United States on July 11, 2020. Plaintiff has moved for summary judgment on liability, as well as for a damages award, attorney's fees, and costs. (Doc. No. 32). Defendants have not responded to Plaintiff's motion.

The unauthorized interception and broadcast of satellite transmissions violates 47 U.S.C. § 605. It is a strict liability statute. *KingVision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 (9th Cir. 1999).

The following facts establish liability.[1] Defendants Omarise Bar & Grill Inc., Olakunle Omiyale, and Modupe Margaret Arise conducted business as a restaurant called Omarise Bar & Grill. (ECF No. 32 at 7). Plaintiff has the exclusive right to license the exhibition of the Event, a prizefight, to commercial establishments. (ECF No. 32, Exh. B-1). Plaintiff sublicenses the Event

---

[1] All references to exhibits not otherwise indicated are citations to the evidence filed with Plaintiff's summary judgment motion at Docket Number 32. Exhibit D refers to Requests for Admission ("RFAs"), which are deemed admissions here because Defendants failed to respond to the RFAs. Fed. R. Civ. P. 36(a)(3); Fed. R. Civ. P. 36(b); *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (an admission based on a failure to respond can result in summary judgment).

to commercial establishments that want to show it; the sublicense fee rate is based on the size of the establishment. (ECF No. 32, Exh. B).  While Defendants contend that they bought a non-commerical license for the Event's streaming, Omarise Bar and Grill did not enter a commercial licensee relationship with Plaintiff. "Because of the strict liability nature of the FCA, officers, directors, members, and managers are held individually liable for the [FCA] violations under the theory of vicarious liability." G&G Closed Circuit Events, LLC v. Alamo Card House, LLC, 2021 WL 5810558, at *5 (W.D. Tex. Dec. 7, 2021). On the date of the Program, Omiyale and Arise were principals, officers, directors, and shareholders of the Inc., the entity owning the operating the Establishment. See ECF No. 32 at ¶ 8(1)-(4), (18)-(19) and ¶ 9(1)-(2). On July 11, 2020, the Omarise Bar and Grill showed the Event on many of its TVs. (ECF No. 32, Exh. B-3). Approximately twelve people were at the bar at that time. (ECF No. 32, Exh. B-3). At the time of this case, Omarise Bar and Grill is no longer in business (ECF No. 20).

A party may elect for actual or statutory damages. 47 U.S.C § 605(e)(3)(C)(i). Statutory damages are appropriate in cases, like this one, where actual damages are difficult to prove. The statutory damages here are a minimum of $1,000 and a maximum of $10,000 for each violation. 47 U.S.C § 605(e)(3)(C)(i)(II). Plaintiff requests the maximum statutory damages ($10,000). Where the violation was willful, a plaintiff may seek additional damages in an amount up to $100,000. 47 U.S.C. §604(e)(3)(C)(ii). Plaintiff requests $50,000 in additional damages. Additionally, Plaintiff seeks attorney's fees in the amount of $8,800 and costs in the amount of $761.75. The attorney's fees are calculated as $250 per hour for 35.2 hours. (ECF No. 32, Exh. E, Exh. E-1.).

First, the Court assesses statutory damages. While Plaintiff contends that multiple violations may have occurred, the instant case concerns only one documented violation (the

unauthorized exhibition of the Event on July 11, 2020)—which was shown to approximately 12 individuals ECF No. 32, Exh. B-3). Beyond a piracy affidavit providing an estimation of capacity, the record does not conclusively indicate what the capacity of Omarise Bar and Grill was. However, the commercial license fee for a restaurant with a fire code occupancy between 101-500 people ranges between $1,270 and $4,330 (ECF No. 32, Exh. B-2). These considerations, coupled with the need for deterrence, weigh in favor of granting statutory damages above the minimum level. The Court finds an award of $5,000 appropriate. The Court declines to impose any additional damages.

The Court turns to Attorney's Fees and Damages, as well as fees and costs. As the prevailing party, Plaintiff is entitled to an award of its costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff has submitted an affidavit from its counsel that supports an attorney's fee award in the amount of $8,800, based on a $250 per-hour rate and 35.20 hours of time (ECF No. 32, Exh. E). The submission demonstrates that the attorney's fees sought are reasonable and awards them accordingly. The court also awards $441.75 for costs related to filing and copy fees. The Court declines Plaintiff's request to tax as costs and fees for service of summons because Plaintiff effectuated service through a private process server. (ECF No. 32, Exh. E-1). *See KBR v. Chevedden*, No. CIV.A. H-11-0196, 2011 WL 1696257 (S.D. Tex. Apr. 29, 2011) ("In the Fifth Circuit, absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920") (quotations omitted).

Plaintiff's Motion for Summary Judgment is GRANTED. Plaintiff is awarded a total of $5,000 in damages, $8,800 in attorney's fees, and $441.75 in costs.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 28th day of October, 2024

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE